# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **LASHAWN EDWARDS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:16-cv-02620** |
| | ) | **CHIEF JUDGE CRENSHAW** |
| **VANDERBILT UNIVERSITY** | ) | |
| **MEDICAL CENTER, d/b/a MONROE** | ) | |
| **CARELL, JR. CHILDREN'S** | ) | |
| **HOSPITAL AT VANDERBILT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

This matter comes before the Court on Vanderbilt University Medical Center's motion for summary judgment, filed on November 8, 2017. (Doc. No. 29.) LaShawn Edwards has not responded to that motion or to the Court's order to show cause why this case should not be dismissed for her failure to do so (Doc. No. 40). For that reason, Vanderbilt University Medical Center's motion for summary judgment will be granted.

### I.        Procedural Background

Edwards filed the Complaint alleging employment discrimination and retaliation in violation of the Family Medical Leave Act (FMLA) in Davidson County Circuit Court on August 17, 2017. (Doc. No. 1-1.) Vanderbilt University Medical Center (VUMC) removed the action to this Court on October 3, 2016 (Doc. No. 1), and answered Edwards's complaint (Doc. No. 20.) Shortly after the action arrived in this Court, Edwards's attorney was suspended from the practice of law.

The Court issued an order advising Edwards that she must obtain new counsel or go forward in this action representing herself. (Doc. No. 10.) Unable to find counsel in the time allowed by the Court, Edwards moved for additional time to obtain counsel which the Court granted. (Doc. Nos. 12, 13.) Edwards never retained a new attorney. The Court set a case management conference on March 8, 2017, to set a schedule for the litigation. (Doc. No. 16.) Edwards did not appear for that conference, and the Court's case management order was returned as undeliverable. (Doc. No. 24.) Edwards filed no change of address with the Court. However, on May 31, 2017, VUMC notified the Court of a new mailing address for Edwards. (Doc. No. 26.)

On November 8, 2017, VUMC filed its motion for summary judgment. (Doc. No. 29.) The Court held a telephonic status conference with the parties on November 9, 2017, during which Edwards stated that she had not received certain orders of the Court. The Court directed the Clerk to send Edwards the orders she had not received, and a receipt reflecting that Edwards received the Court's orders by certified mail was filed on November 20, 2017. (Doc. No. 36.)

Edwards has made no filings since the telephonic status conference. Because Edwards did not timely respond to VUMC's motion for summary judgment, VUMC filed a reply requesting that the Court consider its motion unopposed and grant the motion under Fed. R. Civ. P. 56(e). (Doc. No. 37.) On May 2, 2018, the Court issued an order to show cause notifying Edwards that this matter is set for trial on June 26, 2018, and affording her fourteen days from the date of that order to explain why VUMC's motion for summary judgment should not be granted as unopposed. (Doc. No. 40.) Edwards was forewarned that her failure to respond would likely result in a recommendation that summary judgment be entered against her and this matter be dismissed. (Id.)

The order to show cause was sent by certified mail to the address where Edwards had received prior mailings (Doc. No. 41), but was returned as undeliverable (Doc. No. 42). Edwards

has not submitted any change of address to the Court. However, because the undelivered certified mail included a forwarding address for Edwards, the Clerk's office re-sent the order to show cause to Edwards at that address and received confirmation that Edwards received it on May 18, 2018. (Doc. Nos. 43, 44.) Edwards has filed nothing in response.

## II.     Statement of Facts

In her complaint, Edwards, who is an African-American woman, alleged that she was hired by VUMC as a surgery scheduler on or around March 8, 2004; that at the time she was hired, Sherry Knicks was the Director of Human Resources, Brenda Sandlin was her manager, Lori Graves was her immediate supervisor; and, beginning around 2008, Carolyn Manness was her supervisor.[1] (Doc. No. 1, PageID# 5.) In March 2011, Edwards was experiencing computer problems, which caused her to schedule patients on the wrong days. She informed Graves of the computer problem but nothing was done to fix it. (Id.) Edwards received a disciplinary "write-up" for failing to properly schedule patients and her yearly evaluation score was lowered, although the disciplinary write-up was rescinded after "Informatics" diagnosed the problem with Edwards computer and told Graves about it. (Id.)

Sometimes in 2012, Edwards' co-worker, Lisa Larsens, was speaking with Edwards and stated that something looked too "n-----ish." (Id. at PageID# 6.) Edwards reported Larsens' conduct to Grave and made Larsens apologize to Edwards, however, Graves did not discipline Larsen. (Id.) Also in 2012, Edwards trained Sandra Sangren and another person on a "new system." (Id. at 6.) When Edwards tried to correct an error Sangren made, Sangren became angry and yelled at Edwards. (Id.) Edwards was called into Graves' office to discuss the incident. (Id.) Edwards

---

[1]     It is not clear from Edwards' allegations whether Manness took over as her supervisor when Graves left, if both women supervised Edwards at the same time, or if some other relationship existed between Edwards, Manness, and Graves.

filed two complaints with Veritas, an online complaint system, but did not receive a response to either complaint. (Id.) Edwards was later told by a co-worker that Manness had "tossed" her complaints. (Id.)

Around June 2013, because she was the sole scheduler, Edwards asked Graves for a raise. (Id.) Her request was denied. (Id.) In August, Edwards had "a breakdown" at work. (Id.) Edwards was sent to the Employee Assistance Program, which referred her to a program at Vanderbilt Psychiatric Hospital. (Id.) At the end of the program, Edwards told her counselor that she was not "mentally ready" to return to work. Edwards' counselor requested a ninety-day extension of Edwards' time off. (Id.) Apparently the extension was granted, but around the sixty day mark, VUMC began contacting Edwards asking her when she planned to return to work. (Id.)

Edwards returned to work around October 28, 2013, at which time she asked Graves if she could work from home. (Id.) Graves denied her request. (Id.) Manness disagreed with Graves and told Edwards she would "get back to her," but Manness failed to get back to her. (Id.) Edwards learned that the "main schedule, Kizzy Hayes" worked from home. (Id.) Edwards contacted human resources and spoke to Knicks who told Edwards and that Manness never asked about whether Edwards could work from home. (Id.) Caucasian employees with the same job title as Edwards were allowed to work from home.

In November 2013, Edwards "was assaulted at work by another co-worker." (Id. at PageID# 7.) Edwards reported the incident but the employee was not disciplined. (Id.) Throughout her employment, Edwards was disciplined for things for which other non-African-American workers were not disciplined. (Id.) Commencing on March 5, 2014, Edwards went on FMLA medical leave. (Id.) Edwards was advised to return to work by June 7, 2014. (Id.) On September 23, 2014, Edwards was placed on paid administrative leave pending an investigation into her

alleged misconduct, but Edwards contends she was placed on administrative leave in retaliation for taking FMLA medical leave. (Id.) In the Complaint, Edwards alleges claims for employment discrimination under Title VII, 42 U.S.C. § 1981 and § 1983, and for retaliation in violation of the Family Medical Leave Act, 29 U.S.C. § 2601 et seq.

### III.    Legal Standard

This Court's Local Rules 7.01(b) and 56.01(g) govern responses to motions generally and statements of material facts filed with motions for summary judgment, respectively. Local Rule 7.01(b) states, in pertinent part, that "[f]ailure to file a timely response [to a motion] shall indicate that there is no opposition to the motion." M.D. Tenn. Rule 7.01(b) (response).   Regarding responses to statements of material facts in the summary judgment context, Local Rule 56.01(g) provides that "[f]ailure to respond to a moving party's statement of material facts . . . shall indicate that the asserted facts are not disputed for the purposes of summary judgment." M.D. Tenn. Rule 56.01(g) (failure to respond). However, "[a] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded," Evans v. Plummer, No. 16-3826, 2017 WL 1400495, at *9 (6th Cir. Apr. 19, 2017) (quoting Carver v. Bunch, 946 F.2d 451, 455 (6th Cir. 1991)). The Court must instead examine the motion to determine whether the movant has discharged its burden of demonstrating the absence of a genuine issue of material fact. Id.

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Rule 41(b) does not abrogate the courts' power, "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962); see also Jourdan v. Jabe, 951 F.2d 108, 109 (6th Cir. 1991); Carter v. City of Memphis,

636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under Rule 41(b), Fed. R. Civ. P., to enter a *sua sponte* order of dismissal."). Consistent with the federal rule, this Court's Local Rule 41.01 requires *sua sponte* dismissal for failure to prosecute in "a civil action that has been on the docket for six (6) months without any responsive pleading or other court proceedings taken therein . . . but the dismissal shall be without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." M.D. Tenn. R. 41.01 (dismissal of inactive cases).

In determining whether dismissal under Rule 41(b) is appropriate, the Court considers four factors: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. Carpenter v. City of Flint, 723 F.3d 700, 703–04 (6th Cir. 2013) (quoting Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 590 (6th Cir. 2011)). A dismissal for failure to prosecute under Rule 41(b) constitutes an adjudication on the merits "[u]nless the dismissal order states otherwise." Fed. R. Civ. P. 41(b). The Sixth Circuit has cautioned that dismissal with prejudice is a "harsh sanction" that should only apply in extreme situations where there is a "clear record of delay or contumacious conduct by the plaintiff." Carter, 636 F.2d at 161. Dismissal without prejudice is "a comparatively lenient sanction" for which the "controlling standards should be greatly relaxed because the dismissed party is ultimately not irrevocably deprived of his day in court." Muncy v. G.C.R. Inc., 110 F. App'x 552, 556 n.4 (6th Cir. 2004).

### IV.     Analysis

Despite being given ample opportunity to respond to VUMC's motion and having been forewarned about the consequences of her failure to do so, Edwards has not responded to

VUMC's motion or to the Court's order to show cause. Edwards's failure to respond to the Court's order to show cause warrants dismissal of her claims for failure to prosecute under Rule 41(b). Moreover, the Court has reviewed VUMC's motion and supporting filings and concludes that VUMC has offered sufficient evidence to establish that summary judgment should be granted in its favor.

First and foremost, VUMC has established by an unopposed statement of material fact that Edwards's employment discrimination claim is time-barred because it was not filed within ninety days of receipt of her right to sue notice from the EEOC. (Doc. No. 31, PageID# 121 ¶ 71.) Title VII requires that a party file a civil action within ninety days of receiving a right-to-sue letter. See 42 U.S.C. § 2000e–5(f)(1); see also Truitt v. Cty. of Wayne, 148 F.3d 644, 647 (6th Cir. 1998). The federal courts strictly enforce this statutory limit. Baldwin Cty. Welcome Center v. Brown, 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984); Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 557 (6th Cir. 2000). Because Edwards has provided nothing to the Court to establish that her claim was, in fact, timely, summary judgment must be granted in VUMC's favor.

Further, VUMC has also offered legitimate, nondiscriminatory reasons for the employment actions that Edwards challenges as race discrimination, and Edwards has offered no argument or evidence to support a finding that VUMC's reasons were pretextual. (Doc. No. 30, PageID# 102-05.) VUMC has also demonstrated that, as a matter of law, Edwards has failed to establish her FMLA retaliation claim because she stated at her deposition that her former attorney included the retaliation claim in the complaint and she did not believe that VUMC had retaliated against her for taking FMLA leave. (Doc. No. 31, PageID# 121 ¶ 72.) VUMC presents evidence that Edwards testified she believed any mistreatment she suffered was based only on her race (Id. at ¶ 73) and

that contrary to the allegations in the Complaint, she resigned her position and was not discharged. (Id. at PageID# 106.) Based upon these uncontested statements, VUMC has established no genuine issue of fact for trial on Edwards's discrimination claims even if the statute of limitations were overcome.

**V.       Conclusion**

For these reasons, VUMC's motion for summary judgment will be granted. Edwards' action will be dismissed.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE